THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00052-MR-WCM

| | |
|---|---|
| ROBERT V. WILKIE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NATIONSTAR MORTGAGE LLC )<br>d/b/a MR COOPER MORTGAGE LLC, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 15]; the Plaintiff's "Notice of Motion and Motion for the Clerk of Court to Correct an Inadvertent Mistake by the Plaintiffs [sic]" [Doc. 20]; the Plaintiff's "Notice of Motion and Motion to Dismiss Defendant[']s] Motion to Dismiss for Insufficiency of Process" [Docs. 25, 29][1]; and the Plaintiff's "Notice of Motion and Motion for a 7 Day Leave to File and Amend Complaint" [Doc. 26].

---

[1] Document 29 appears to be identical to Document 25 except for one modification to the date on which the Defendant filed its Motion to Dismiss. [Compare Doc. 25 at 1 with Doc. 29 at 1].

## I. PROCEDURAL BACKGROUND

On February 15, 2019, the Plaintiff initiated this action against "Nationstar Insurance Company." [Doc. 1]. The Plaintiff served the Defendant Nationstar Mortgage LLC ("Nationstar") with a Summons and the Complaint on March 30, 2019. On April 22, 2019, Nationstar sought an extension of time until May 21, 2019, to respond to the Complaint. [Doc. 9]. The Court granted Nationstar's motion on April 23, 2019. [Doc. 10]. On May 6, 2019, the Plaintiff filed an Amended Complaint alleging four claims for relief against Nationstar.[2] [Doc. 12].

On May 21, 2019, Nationstar filed a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure on the grounds that the Court lacks subject matter jurisdiction and that the Amended Complaint fails to state a claim upon which relief may be granted. [Doc. 15]. On June 12, 2019, the Honorable W. Carleton Metcalf, United States Magistrate Judge, entered an Order giving the Plaintiff until June 21, 2019, to respond to Nationstar's Motion. [Doc. 16]. On June 13, 2019, the Plaintiff attempted to file a Second Amended Complaint [Doc. 18];

---

[2] The Plaintiff's Amended Complaint identifies the Defendant as "Nationstar Mortgage LLC dba Mr. Cooper Mortgage, LLC." [Doc. 12]. Nationstar contends that no such entity exists. Presuming that the Plaintiff intended to name "Nationstar Mortgage LLC d/b/a Mr. Cooper," Nationstar has appeared to defend this action.

however, Judge Metcalf struck that pleading because it failed to comply with Rule 15(a)(2) of the Federal Rules of Civil Procedure.[3]  [Doc. 19].

On June 19, 2019, the Plaintiff filed a pleading entitled "Notice of Motion and Motion for the Clerk of Court to Correct an Inadvertent Mistake by the Plaintiffs" [Doc. 20].  In this Motion, the Plaintiff indicates that he wishes to amend his Complaint to change the name of the defendant to "Nationstar Mortgage LLC dba Mr. Cooper."  [Id.].  Nationstar filed a Response in opposition to this motion to amend on July 2, 2019.  [Doc. 23].  On July 1, 2019, the Plaintiff filed a second motion to amend, along with a proposed amended complaint.  [Doc. 26].  After receiving an extension of time to do so [Doc. 28], Nationstar filed a Response in opposition to this second motion to amend on July 29, 2019.  [Doc. 30].

On July 1, 2019, the Plaintiff filed a motion seeking the dismissal of the Nationstar's Motion to Dismiss on the grounds that the Motion was not properly served pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  [Doc. 25].  The Plaintiff filed a substantially identical version of

---

[3] Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, a plaintiff may amend his Complaint as a matter of course within twenty-one (21) days of the filing of a motion to dismiss.  See Fed. R. Civ. P. 15(a)(1).  The Plaintiff's Amended Complaint [Doc. 18] was filed twenty-three (23) after Nationstar's Motion to Dismiss was filed.  As such, the opposing party's consent or leave of Court was required to file the Amended Complaint pursuant to Rule 15(a)(2).

this motion again on July 18, 2019. [Doc. 28]. Nationstar filed a Response in opposition to these two motions on July 29, 2019. [Doc. 31].

These matters are now ripe for disposition.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) addresses whether the Court has subject matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1). Where a defendant contends that a complaint fails to allege facts upon which subject matter jurisdiction can be based, the Court must assume as true the factual allegations in the Complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). If, on the other hand, a defendant contends that the jurisdictional allegations contained in the complaint are false, the court may go beyond the allegations of the complaint and conduct an evidentiary hearing to determine if there are facts to support the court's exercise of jurisdiction over the dispute. Id. The burden of establishing subject matter jurisdiction on a motion to dismiss rests with the party asserting jurisdiction. Id.; Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

## III. FACTUAL BACKGROUND

Taking the well-pled factual allegations in the Complaint as true, and taking judicial notice of certain public records referenced in the Complaint, the following is a summary of the relevant facts.[4]

On February 23, 2006, Judith S. Wilkie ("Borrower"), who is the deceased spouse of the Plaintiff, executed a Deed of Trust ("Deed of Trust") in favor of Access National Mortgage. The Deed of Trust secured repayment of a Note in the amount of $100,779.00. [See Doc. 15-2 Ex. A: Deed of Trust].[5] The Deed of Trust related to the property located at 601 Dixie Avenue NW, Valdese, North Carolina 28690. [Id.]. After the Borrower passed away, the Plaintiff became the executor of the Borrower's estate. Due to a default on the mortgage loan, Trustee Services of Carolina, LLC ("Trustee"), the substitute trustee under the Deed of Trust, served a Notice of Foreclosure Hearing on the Plaintiff on July 10, 2018. [See Doc. 15-2 Ex.

---

[4] The Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" when deciding a Rule 12 motion to dismiss. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

[5] The Court may take judicial notice of the Deed of Trust because it is referenced in the Complaint and is a document recorded in the Burke County, North Carolina Register of Deeds. See Green v. Wells Fargo Bank, N.A., 927 F. Supp. 2d 244, 246 n.2 (D. Md. 2013) (stating that a court may take judicial notice of public records), aff'd, 582 F. App'x 246 (4th Cir. 2014).

B: Notice of Hearing].[6]  The Trustee named Nationstar as the current holder of the Note and set a hearing in front of the Clerk of Superior Court for Burke County, North Carolina (the "Clerk") for August 14, 2018.  [Id.].

The Plaintiff generally alleges that Nationstar made false representations to the Clerk in an affidavit but fails to specifically identify the representations.  [Doc. 12: Am. Compl. at ¶ 1].  The Plaintiff claims that he was only two months behind on the loan and that Nationstar was not applying a suspense balance to the loan.  [Id. at ¶¶ 2-3].  However, the two documents attached to the Amended Complaint and referenced by the Plaintiff therein appear to contradict these allegations.  First, "Ex. A, Doc. 1" appears to be a payoff quote which does not show the delinquency of the loan.  [Doc. 12 at 7: Am. Complaint Ex. A, Doc. 1].  Second, "Ex. A, Doc. 2" is a letter from Nationstar dated May 3, 2018 stating that the loan was three (3) payments delinquent at that time.  [Doc. 12 at 8: Am. Compl. Ex. A, Doc. 2].  The Plaintiff does not allege in the Amended Complaint that he made any additional payments prior to the foreclosure.

---

[6] This Court may take judicial notice of the Notice of Hearing, and all other documents filed in the Special Proceeding before the Clerk of Burke County, North Carolina because such documents are court filings.  See Johnson v. BAC Home Loans Servicing, 867 F. Supp. 2d 766, 778 (E.D.N.C. 2011) (taking judicial notice of documents filed in a foreclosure special proceeding).

The foreclosure hearing went forward on August 14, 2018 and, after the hearing, the Clerk entered an Order to Allow Foreclosure ("Foreclosure Order") on the same day. [See Doc. 15-2 Ex. C: Order to Allow Foreclosure]. The Plaintiff attempted to appeal this Order on October 19, 2018. However, this appeal was well outside of the ten (10) day time period prescribed under N.C. Gen. Stat. § 45-21.16(d1). [See Doc. 15-2 Ex. D: Appeal]. Moreover, the foreclosure sale had already occurred on September 7, 2018. [See Doc. 15-2: Ex. E: Order Dismissing Appeal]. Therefore, the Superior Court of Burke County dismissed the appeal. [Id.].

The Plaintiff claims that he submitted documents for a loan modification to Nationstar, but the emails he attaches to Nationstar show that those documents were submitted on September 5, 2018, after the foreclosure hearing on August 14, 2018. [Doc. 12 at 9: Am. Compl. ¶ 4, Ex. A, Doc. 3]. The Plaintiff also makes a variety of conclusory allegations alleging that Nationstar engaged in dual tracking; that he was entitled to a loan modification; and that Nationstar cannot prove a default, among other allegations. [Id. at ¶¶ 5-16].

The Plaintiff claims that he is asserting four claims for relief in the case caption: (1) Predatory Lending; (2) Fraud; (3) Breach of Contract; and (4) Dual Tracking. [Doc. 12 at 1]. However, it is unclear in the body of the

7

Amended Complaint how his allegations relate to these claims. The Plaintiff further claims that his damages are unspecified "severe mental anguish and property loss." [Id. at ¶ 16].

IV. **DISCUSSION**

   A. **Requests for Judicial Notice**

Throughout this litigation, the Plaintiff has filed a number of Plaintiff's "Requests for Judicial Notice." [Docs. 17, 22, 27, 32, 35]. In these pleadings, the Plaintiff moves pursuant to Rule 201 of the Federal Rules of Evidence for the Court to take judicial notice of certain facts, arguments, and caselaw.

To the extent that these "Requests" are intended to be motions, they are procedurally improper, as they are not accompanied by briefs as required the Court's Local Rules. See LCvR 7.1(c). Moreover, the Plaintiff's "Requests" are substantively without merit. Rule 201 of the Federal Rules of Evidence provides that the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The facts asserted by the Plaintiff in these "Requests" are not the type of facts that are generally known within this District or that can be readily determined from reputable sources.

8

Further, the caselaw cited by the Plaintiff and the arguments made in reliance thereon are not the type of matters that are subject to judicial notice. Accordingly, to the extent that the Plaintiff seeks judicial notice of these matters, the Plaintiff's "Requests for Judicial Notice" are denied. The Court, however, will consider the substance of these "Requests" in evaluating the Plaintiff's Motions to Amend and Motion to Dismiss as well as the Plaintiff's response to Nationstar's Motion to Dismiss.

### B. Plaintiff's Motions to Amend

The Plaintiff has filed two motions to amend his Complaint. In his first Motion, he seeks to change the name of the defendant to "Nationstar Mortgage LLC dba Mr. Cooper." In his Second Motion, the Plaintiff simply re-alleges the same allegations that he has already made in the currently operative Amended Complaint, namely that Nationstar violated federal law by engaging in dual tracking and that Nationstar breached the mortgage contract. [Compare Doc. 12 with Doc. 26].

A party may amend its own pleading once as a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). In all other cases, a party may amend only with the consent of the opposing party or with leave of Court. Fed. R. Civ. P.

9

15(a)(2).  Ordinarily, the Court "should freely give leave when justice so requires."  Id.; Foman v. Davis, 371 U.S. 178, 182 (1962).  While leave should be freely given, the Court in its discretion may deny a motion to amend where there has been "a showing of prejudice, bad faith, futility, or dilatoriness associated with the motion."  Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc., 853 F.2d 1139, 1148 (4th Cir. 1988) (quoting Ward Elec. Serv. v. First Comm. Bank, 819 F.2d 496, 497 (4th Cir. 1987)).  Futile amendments are those that cannot survive a motion to dismiss.  See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

Here, allowing the Plaintiff to amend his complaint further would be futile.  Correcting the name of the Defendant would have no effect on this proceeding, as Nationstar has already appeared and defended this action, despite not being properly named.  Further, the allegations he asserts in his proposed Second Amended Complaint are virtually identical to those asserted in the current operative Amended Complaint, and for the reasons discussed below, such allegations demonstrate that the Plaintiff's claims are barred by the Rooker-Feldman doctrine.  Accordingly, the Plaintiff's Motions to Amend are denied.

## C. Plaintiff's Motion to Dismiss for Insufficient Process

The Plaintiff moves the Court to dismiss Nationstar's Motion to Dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure on the grounds that the Motion to Dismiss was served on the Plaintiff at the wrong address.

Rule 12(b) relates to the assertion of defenses in a responsive pleading, such as an answer to a complaint. Rule 12(b)(5) specifically addresses the defense of "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "Process" relates to the service of a summons with a complaint (under Rule 4) or the service of a subpoena (under Rule 45). Service of *process* is not required for the service of a motion.[7] Therefore, Rule 12(b)(5) is not the appropriate vehicle to challenge the sufficiency of the service of Nationstar's Motion to Dismiss.

In any event, the Plaintiff has not shown that he has been prejudiced by any mistake in the service of the Motion to Dismiss. The Plaintiff admits that he saw the Motion to Dismiss on pacer.gov. [Doc. 25 at 3]. Further, the Court gave the Plaintiff thirty (30) days to file a response to the Motion to Dismiss, and the Plaintiff has filed multiple pleadings in opposition to the Motion. [See Docs. 17, 22, 27]. Accordingly, the Plaintiff cannot claim that

---

[7] Service of motions is governed by Rule 5 of the Federal Rules of Civil Procedure. That rule, however, does not provide any mechanism by which a motion can be "dismissed" due to defects in the manner of service.

11

the mistake in service has prejudiced his ability to present arguments in response to the Motion to Dismiss. For all these reasons, the Plaintiff's Motion to Dismiss based on insufficient service is denied.

### D. Defendant's Motion to Dismiss

In the Amended Complaint, the Plaintiff alleges that Nationstar wrongfully foreclosed upon the Property and claims that Nationstar could not prove the elements of foreclosure. [Doc. 12: Am. Compl. at ¶¶ 9-12]. As noted above, the Clerk issued the Foreclosure Order on August 14, 2018. [See Doc. 15-2 Ex. C: Order to Allow Foreclosure]. The Plaintiff now attempts to challenges that Order in this Court. However, as courts have consistently recognized, a federal district court does not have jurisdiction to review such state court orders.

The Rooker-Feldman doctrine prohibits "a party losing in state court ... from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts,

but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, pursuant to Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F.Supp.2d 484, 490 (E.D.N.C. 2006).

While couched in terms of claims for fraud and breach of contract, the Plaintiff's Amended Complaint clearly is an attempt to challenge the validity of the foreclosure proceedings initiated against him and the judgment entered therein. For example, he alleges that the "foreclosure sale" was "in violation of the Consumer Protection Agencies strict rules against Du[a]l Tracking," and he alleges that "[t]he Defendant cannot prove the six (6) elements in order to foreclose under Chapter 45." [Doc. 12: Am. Compl. at ¶¶ 5, 12]. Because the Rooker-Feldman doctrine prohibits the Court reviewing the state court's decision in that foreclosure proceeding, the Plaintiff's case must be dismissed for lack of subject matter jurisdiction.[8]

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1)  The Defendant's Motion to Dismiss [Doc. 15] is **GRANTED**;

(2)  To the extent that the Plaintiffs' "Requests for Judicial Notice" can be construed as motions, such motions [Docs. 17, 22, 27, 32, 35] are **DENIED**;

---

[8] Because the Court concludes that subject matter jurisdiction is lacking, the Court will not address Nationstar's arguments that the Plaintiff's claims are barred by the doctrine of collateral estoppel and that his Complaint fails to state a claim upon which relief may be granted. See Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 187 (4th Cir. 2019) ("courts must always assure themselves of subject matter jurisdiction before reaching the merits, even if the parties have not raised it"), pet. for cert. filed Aug. 19, 2019.

(3) The Plaintiff's "Notice of Motion and Motion for the Clerk of Court to Correct an Inadvertent Mistake by the Plaintiffs [sic]" [Doc. 20] and the Plaintiff's "Notice of Motion and Motion for a 7 Day Leave to File and Amend Complaint" [Doc. 26] are **DENIED**; and

(4) The Plaintiff's "Notice of Motion and Motion to Dismiss Defendant['s] Motion to Dismiss for Insufficiency of Process" [Docs. 25, 29] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Signed: October 8, 2019

Martin Reidinger
United States District Judge